ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| GRETCHEN MARIE HERNÁNDEZ RIVERA<br><br>Recurrida<br><br>v.<br><br>NOAH KAMIL ASSAD BYRNE<br><br>Peticionario | KLCE202400574 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2022CV02256<br><br>Sobre: Liquidación de Comunidad de Bienes |
|---|---|---|

Panel integrado por su presidenta, la Juez Ortiz Flores, el Juez Rivera Torres, la Juez Rivera Pérez y el Juez Campos Pérez

Campos Pérez, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 27 de agosto de 2024.

Comparece la parte demandada y peticionaria, Sr. Noah Kamil Assad Byrne (señor Assad Byrne), mediante un recurso discrecional de *certiorari*. Solicita la revocación de la *Resolución bajo la Regla 36, Enmendada en Reconsideración, Enmendada Nunc Pro Tunc*, notificada por el Tribunal de Primera Instancia, Sala de San Juan (TPI), el 8 de mayo de 2024. En el referido dictamen, el TPI declaró sin lugar la petición desestimatoria y la solicitud de sentencia sumaria instada por el compareciente. En consecuencia, ordenó la continuidad de los procedimientos en el pleito incoado por la parte demandante y recurrida, la Sra. Gretchen Marie Hernández Rivera (señora Hernández Rivera).

Anticipamos la denegación de la expedición del auto de *certiorari*, por los fundamentos que expondremos.

**I.**

La causa presente se inició el 23 de marzo de 2022, ocasión en que la señora Hernández Rivera presentó una *Demanda* sobre división de bienes en comunidad en contra del peticionario y varias

personas jurídicas.[1] El 8 de noviembre de 2024, la demandante enmendó la reclamación y prescindió de los entes jurídicos.[2] Reclamó al señor Assad Byrne la división de la comunidad de bienes presuntamente creada entre ambos, a través de una relación de concubinato *more uxorio*.

En esencia, la demandante afirmó que cohabitó con el demandado de manera pública, notoria y con expectativa de permanencia, hasta la separación de la pareja, advenida luego de una década de relación. Expresó que conformaban un matrimonio consensual, sin la formalidad legal, pero constituido mediante un pacto expreso e implícito. Narró que fijaron la fecha de matrimonio para el 18 de diciembre de 2021, pero el demandado se retractó.

Indicó que, producto de su relación, las partes crearon conjuntamente negocios y adquirieron propiedades.[3] Sostuvo que todo el andamiaje de negocios e inversiones se llevó a cabo en virtud de un acuerdo pactado entre ellos. Expuso que ambos decidieron formalizar los negocios en varios entes corporativos dirigidos a la industria de entretenimiento, a saber: MEG Music LLC, Risamar Publishing LLC, RSM Publishing LLC, Rimas Nation LLC, Mares Management LLC, Rimas Entertainment LLC y GMESPR LLC, éste último dedicado a la compra, desarrollo, alquiler y venta de propiedades inmuebles. Posteriormente, las entidades jurídicas se diversificaron con la apertura de dispensarios de cannabis y restaurantes. En fin, enunció que, al comienzo de la relación sentimental, eran dos jóvenes sin bienes, pero con deseos de superación. "[J]untos, con su esfuerzo, aportaciones personales e intelectuales, labor y trabajo conjunto, fueron creando,

---

[1] Apéndice, págs. 18-37. En la *Resolución* de 15 de junio de 2024, autorizamos la presentación del Apéndice en un disco compacto.
[2] Apéndice, págs. 38-54.
[3] En un pleito independiente, los litigantes dirimen las controversias concernientes a las dos hijas menores de edad en común.

desarrollando y levantando sus diferentes negocios y empresas hasta lograr el éxito".[4]

El señor Assad Byrne instó *Contestación a la Demanda Enmendada y Reconvención.*[5] En síntesis, el demandado negó la participación y contribución de la demandante en las empresas y rechazó la existencia de una comunidad. Aseveró que los entes jurídicos mencionados eran de su dominio y pertenecían a las personas que surgían de sus propios acuerdos operacionales. En éstos, apuntó que no figuraba la señora Hernández Rivera. En sus defensas afirmativas reiteró la inexistencia de un pacto expreso o implícito, así como la incompatibilidad de la doctrina con el ordenamiento civilista.[6]

De otra parte, en su *Reconvención,* al palio de la Regla 59 de Procedimiento Civil,[7] que versa sobre la sentencia declaratoria, solicitó al TPI una declaración en torno a que entre los contendientes no existió una comunidad de bienes sobre las unidades de participación de ninguna compañía o los bienes inmuebles; ni que se configuró una comunidad de bienes por pacto alguno entre las partes.

Por igual, entre los más de doscientos enunciados esbozados, el señor Assad Byrne alegó que la señora Hernández Rivera se apropió de $158,637.16 de una cuenta bancaria para pagar una tarjeta de crédito personal. El demandado, al amparo de la doctrina de enriquecimiento injusto, adujo un correlativo empobrecimiento y reclamó el pago de $265,641.94.

---

[4] Apéndice, pág. 52, acápite 60.
[5] Véase, entrada 168 del expediente electrónico del Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[6] El Código Civil adopta de manera limitada la figura de la pareja por relación de afectividad análoga a la conyugal en la administración de los bienes del ausente (Artículos 185, 187, 189, 192, 194 y 200 del Código Civil, 31 LPRA secs. 5781, 5783, 5785, 5788, 5801 y 5812) y en la adopción en conjunto (Artículos 580 y 583, 31 LPRA secs. 7181 y 7184).
[7] 32 LPRA Ap. V, R. 59.

La señora Hernández Rivera replicó la *Reconvención* instada.[8] Planteó en general sus negativas en aquellos enunciados que la excluían de su participación en los negocios. Con relación a la suma dineraria reclamada, la demandante sostuvo que cualquier cuantía constituyó un uso y gasto autorizado por las partes para sufragar las necesidades de la familia, conforme con el estilo de vida acostumbrado. En sus defensas afirmativas, la señora Hernández Rivera ripostó que el demandado pretendía ignorar los acuerdos allegados. En la alternativa, alegó un "monumental enriquecimiento injusto" y abuso de su confianza por parte del señor Assad Byrne. Además, imputó que el demandado estaba dilapidando, escondiendo y transfiriendo los haberes para evitar que tuviera acceso al producto del alegado concubinato *more uxorio* habido entre las partes.

Así las cosas, el señor Assad Byrne interpuso un *Escrito en cumplimiento de Orden: Solicitud de Desestimación y Solicitud de sentencia sumaria*.[9] En éste abogó por un *quantum* de prueba clara, robusta y convincente para dirimir la existencia de una comunidad originada en el concubinato. Primero, solicitó la desestimación de la reclamación de la señora Hernández Rivera porque no se justificaba la concesión de un remedio a su favor. Segundo, peticionó la resolución abreviada del caso. Para esto, consignó las controversias del pleito y 176 determinaciones fácticas, incluyendo hallazgos periciales. Unió también varios documentos (algunos ilegibles) entre los que se encuentran escritos judiciales; una trilogía de deposiciones tomadas a la demandante; planillas de contribución sobre ingresos; documentos relacionados con la venta de eventos y

---

[8] Apéndice, págs. 55-91, *Contestación y/o réplica a Reconvención*; y a las págs. 92-129, *Contestación y/o réplica enmendada a Reconvención*.

[9] Apéndice, págs. 130-227, con anejos a las págs. 228-1573 (Entrada 174). Estos anejos recopilan los documentos incluidos en este *Escrito* y en otras mociones dispositivas presentadas por el demandado; refiérase a las entradas 27 *Moción de desestimación* y 162 *Solicitud de sentencias sumaria* del SUMAC.

lista de talentos; acuerdos operaciones y certificaciones corporativas; escrituras públicas, entre éstas, la número 7 de 10 de mayo de 2019, sobre la compraventa de un inmueble en Guayama por parte de la demandante; informes periciales; y declaraciones juradas. A base de lo anterior, insistió en que no existía una comunidad de bienes entre los contendientes; ni se había configurado un pacto expreso o implícito, capaz de establecer una comunidad de bienes entre ambas partes.

Por su parte, la señora Hernandez Rivera se opuso a ambas peticiones.[10] Tildó de improcedente la pretensión de variar el estándar de prueba requerido; así como los fundamentos de las solicitudes desestimatoria y sumaria. En cuanto a la petición por la vía de apremio, la demandante esbozó las controversias del pleito y unió documentos, tales como planillas de contribución sobre ingresos, una declaración jurada, un mensaje de texto, copia de una tarjeta de identificación de Costasur; una tarjeta de crédito; y un informe pericial. Incluyó la escritura pública número 15, otorgada luego de instado el pleito de autos el 21 de abril de 2022, sobre una compraventa de un inmueble sito en San Juan, en el que presuntamente vivió la expareja con sus dos hijas y en el que el señor Assad Byrne, al mismo tiempo, fungió como vendedor y representante de la persona jurídica compradora: Tívoli D1 LLC. La propiedad había sido adquirida por el señor Assad Byrne, mediante la escritura pública número 210 de compraventa, otorgada el 23 de agosto de 2018.

A su vez, dio por incontrovertidos 116 determinaciones propuestas por el demandado. Si bien no controvirtió las restantes determinaciones, la demandante expuso que el litigio no debía

---

[10] Apéndice, págs. 1574-1617, con anejos a las págs. 1618-1766 (Entrada 197).

dirimirse por el mecanismo sumario, toda vez que comprende cuestiones de credibilidad como factor esencial.

El señor Assad Byrne replicó;[11] y la señora Hernández Rivera presentó una dúplica.[12]

Ponderados los escritos de las partes litigantes, el TPI emitió una *Resolución bajo la Regla 36.4*, notificada el 6 de marzo de 2024.[13] El dictamen fue objeto de sendas solicitudes de reconsideración por ambas partes.[14] Por consiguiente, el TPI dictó la aquí impugnada *Resolución bajo la Regla 36, Enmendada en Reconsideración, Enmendada Nunc Pro Tunc.*[15] En su pronunciamiento, el TPI consignó **60 determinaciones de hechos**, principalmente, originadas en las admisiones de las partes y en la evidencia documental admisible. De igual modo, el TPI estableció las siguientes **8 controversias** que impedían la resolución sumaria:

> 1. Si Hernández aportó bienes, dineros o servicios para la compra o adquisición de activos adquiridos a nombre de Assad o alguna de las empresas en que éste es accionista, socio o miembro.
>
> 2. Si, por el contrario, entre el 2021 y el 2022, Hernández se apropió de dinero de Assad para su uso personal, no atribuible a las cargas familiares proporcionales.
>
> 3. Si Hernández aportó trabajo o esfuerzos a los negocios familiares ya fuera en calidad de empleada o en calidad de comunera.
>
> 4. La existencia o inexistencia de una comunidad de bienes, sea porque así se hubiese convenido expresamente, o sea porque la conducta de las partes —la relación humana y económica entre ellas— demuestra que se obligaron implícitamente a aportar, y aportó cada una bienes, esfuerzo y trabajo para beneficio común.

---

[11] Apéndice, págs. 1767-1863, con anejos a las págs. 1864-1937.
[12] Apéndice, págs. 1938-1942.
[13] Apéndice, págs. 1943-1959.
[14] Apéndice, págs. 2005-2008 *Moción aclaratoria y de reconsideración* (señora Hernández Rivera); págs. 1960-2004 *Solicitud de reconsideración y solicitud de vista argumentativa* y págs. 2009-2034 *Moción en torno a "Moción aclaratoria y de reconsideración"* (señor Assad Byrne). Salvo por las enmiendas realizadas al dictamen recurrido, ambas peticiones fueron declaradas *sin lugar*.
[15] Apéndice, págs. 1-17. Expresó el TPI: "Se emite la presente *Resolución Enmendada* para (1) señalar la Conferencia Con Antelación Al Juicio para [el] 25 de junio de 2024 a las 2:30 p.m. mediante videoconferencia; (2) aclarar que la Demandante alega un pacto expreso de comunidad de bienes, pero en la alternativa alega que los mismos hechos apoyarían una determinación de pacto implícito; (3) corregir la referencia a Risamar Business Group, LLC en el Hecho Incontrovertido #42. (4) Además, aclaramos en cuanto al Hecho Incontrovertido #17 que, haciendo las inferencias que requiere la Regla 36 de Procedimiento Civil, "suscribir" se interpreta en su acepción más común como "Firmar al pie o al final de un escrito" https://dle.rae.es/suscribir. En todo lo demás, se declaran *Sin Lugar* ambas mociones de reconsideración".

5. Si, como alega la Demandante, el Demandado y ella acordaron establecer una comunidad de bienes que comprendiera todos los activos adquiridos por ambos.

6. Si el Demandado indujo a la [Demandante] a dejar su trabajo con promesa de que ella sería partícipe en igualdad de condiciones de las empresas familiares.

7. Si la Hernández, con su trabajo o aportación económica, acreció el patrimonio de su [*sic*] Assad mientras eran pareja.

8. Si se configura una causa de acción por enriquecimiento injusto fundamentado en desequilibrio patrimonial, por causa de la dedicación de Hernández al cuidado de la familia y del hogar a partir del 2018. O si, por el contrario, Hernández ya fue compensada por este concepto.

Al tenor de lo anterior, el TPI declaró sin lugar las peticiones del señor Assad Byrne. Señaló una vista al amparo de la Regla 56 de Procedimiento Civil,[16] así como la conferencia con antelación al juicio.

Inconforme, el señor Assad Byrne acudió oportunamente ante este foro revisor, mediante una petición de *certiorari*, en la que expuso los siguientes errores:

**PRIMER ERROR:** Erró el Honorable Tribunal de Primera Instancia al no dictar Sentencia Sumaria a favor de la Peticionaria a los fines de declarar que de conformidad a los hechos incontrovertidos no se satisfacen los elementos necesarios de una comunidad de bienes romana sobre las unidades de participación de una serie de compañías de responsabilidad limitada cuya titularidad debe constar por escrito en el contrato operacional.

**SEGUNDO ERROR:** Erró el Honorable Tribunal de Primera Instancia al no dictar Sentencia Sumaria a favor de la Peticionaria a los fines de declarar que no es posible la creación de una comunidad de bienes romana por medio de un alegado pacto verbal expreso que carece de objeto, consentimiento y causa, y que el supuesto pacto implícito, que también carece de consentimiento, objeto y causa, no puede tener el alcance de crear una comunidad universal sobre todos los bienes, presentes y futuros adquiridos por dos personas.

**TERCER ERROR:** Erró el Honorable Tribunal de Primera Instancia al no determinar que para probar la existencia de una comunidad de bienes por pacto implícito es requisito que se cumpla con el estándar de prueba clara, robusta y convincente.

**CUARTO ERROR:** Erró el Honorable Tribunal de Primera Instancia al encontrar controversias a la luz de una declaración jurada que a todas luces es una *sham affidavit* y cuya oposición incumple la Regla 36.3 de Procedimiento Civil.

**QUINTO ERROR:** Erró el Tribunal de Primera Instancia al no declarar con lugar la moción de desestimación por el

---

[16] 32 LPRA Ap. V, R. 56.

incumplimiento el estándar de plausibilidad reconocido en *Costas Elena y otros v. Magic Sport Culinary Corp. y otros,* 2024 TSPR 13 (2024).

Luego de varios trámites, la señora Hernández Rivera presentó el *Alegato de la parte recurrida* el 6 de agosto de 2024. Con el beneficio de su postura, resolvemos.

**II.**

**A.**

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones judiciales de un foro inferior y corregir algún error cometido por éste. *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020); *IG Builders et al., v. BBVAPR,* 185 DPR 307, 337-338 (2012); *García v. Padró,* 165 DPR 324, 334 (2005). **A diferencia de la apelación, el foro revisor tiene la facultad para expedir o denegar el recurso de *certiorari* de manera discrecional**. *García v. Padró, supra.* El Tribunal Supremo de Puerto Rico ha definido *discreción* como el "poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *Id.*, que cita a *Pueblo v. Ortega Santiago,* 125 DPR 203, 211 (1990). Por ende, la discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera..." *Pueblo v. Sánchez González,* 90 DPR 197, 200 (1964), citado con aprobación en *García v. Padró, supra,* págs. 334-335.

No obstante, el ejercicio de la discreción no equivale a hacer abstracción del resto del Derecho, ya que ese proceder constituiría, en sí mismo, un abuso de discreción. *Negrón v. Srio. de Justicia,* 154 DPR 79, 91 (2001). Por lo tanto, el examen al auto discrecional que realizamos antes de decidir el curso a seguir no se da en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG, supra,* pág. 176. Ello así, porque "el adecuado ejercicio de la discreción judicial está inexorable e indefectiblemente atado al concepto de la

razonabilidad". *García v. Padró, supra,* pág. 335; *Pueblo v. Ortega Santiago, supra.*

Es sabido que la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias en las cuales este foro intermedio tiene autoridad para atender los recursos de *certiorari.* En su parte pertinente, la norma dispone como sigue:

.    .    .    .    .    .    .    .

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, **solamente será expedido por el Tribunal de Apelaciones cuando se recurra** de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria **de una moción de carácter dispositivo**. [...] (Énfasis nuestro).

La regla procesal fija taxativamente los asuntos aptos para la revisión interlocutoria mediante el recurso de *certiorari,* así como aquellas materias que, por excepción, ameritan nuestra intervención adelantada, ya fuese por su naturaleza o por el efecto producido a las partes. *800 Ponce de León v. AIG, supra,* pág. 175.

Además del examen objetivo antes descrito, para ejercer sabia y prudentemente nuestra facultad discrecional al determinar si expedimos o denegamos un recurso de *certiorari,* nos guiamos por la Regla 40 del Reglamento del Tribunal de Apelaciones, *Criterios para la expedición del auto de certiorari,* 4 LPRA Ap. XXII-B, R. 40.

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. (Énfasis nuestro).

Claro está, es norma asentada **que este tribunal intermedio no interviene con las determinaciones emitidas por el foro primario ni sustituye su criterio discrecional**, "*salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto*". (Cursivas en el original). *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018) y la jurisprudencia allí citada.[17]

**B.**

La Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36, gobierna el mecanismo de la sentencia dictada sumariamente. Esta herramienta procesal sirve al propósito de aligerar la conclusión de los pleitos, sin la celebración de un juicio en sus méritos, siempre y cuando **no exista una legítima controversia de hechos medulares, de modo que lo restante sea aplicar el derecho**. Véase, *Jusino et als. v. Walgreens,* 155 DPR 560, 576 (2001); *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664, 676 (2018); *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 109 (2015). Así se propende a la solución justa, rápida y económica de los litigios de naturaleza civil en los cuales no exista una controversia genuina de hechos materiales. *Pérez Vargas v. Office Depot*, 203 DPR 687, 699 (2021). En este sentido, un hecho material "es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable". *Meléndez González et al. v. M. Cuebas, supra*, pág. 110. Por ello, "[l]a controversia debe ser de una calidad suficiente como para que sea necesario que un juez la dirima a

---

[17] *Ramos Milano v. Wal-Mart*, 168 DPR 112, 121 (2006); *Rivera y otros v. Banco Popular*, 152 DPR 140, 155 (2000); *Meléndez Vega v. Caribbean Int'l. News*, 151 DPR 649, 664 (2000); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 771 (2013).

través de un juicio plenario". *Ramos Pérez v. Univisión,* 178 DPR 200, 213 (2010).

Ahora bien, la sentencia sumaria sólo debe dictarse en casos claros. Por tanto, cuando no existe una certeza prístina sobre todos los hechos materiales que motivaron el pleito, no procede que se dicte sentencia sumaria. *Pérez Vargas v. Office Depot, supra,* pág. 699 y los casos allí citados. Por ser éste un remedio de carácter discrecional, "[e]l sabio discernimiento es el principio rector para su uso porque, mal utilizada, puede prestarse para despojar a un litigante de 'su día en corte', principio elemental del debido proceso de ley". *Mgmt. Adm. Servs. Corp. v. E.L.A.,* 152 DPR 599, 611 (2000). Siendo esto así, sólo procede que se dicte la sentencia sumaria "cuando surge de manera clara que, ante los hechos materiales no controvertidos, el promovido no puede prevalecer ante el Derecho aplicable y el Tribunal cuenta con la verdad de todos los hechos necesarios para poder resolver la controversia". *Meléndez González et al. v. M. Cuebas, supra,* págs. 109-110, que cita a *Const. José Carro v. Mun. Dorado,* 186 DPR 113 (2012). **De haber alguna duda acerca de la existencia de una controversia sobre los hechos medulares y sustanciales del caso deberá resolverse contra la parte que solicita la moción, haciendo necesaria la celebración de un juicio**. *Rivera et al. v. Superior Pkg., Inc. et al., supra,* pág. 133.

En cuanto a la revisión *de novo* de un dictamen sumario o la denegación de la resolución abreviada, este tribunal revisor se encuentra en la misma posición que el foro de primera instancia al determinar si procede o no una sentencia sumaria. Sin embargo, al revisar la determinación del tribunal primario, estamos limitados de dos maneras: (1) sólo podemos considerar los documentos que se presentaron ante el foro de primera instancia; y (2) sólo podemos determinar si existe o no alguna controversia genuina de hechos

materiales y esenciales, así como si el derecho se aplicó de forma correcta. Este tribunal deberá, además, realizar un examen dual que consiste en: (1) analizar los documentos que acompañan la solicitud de sentencia sumaria y en la oposición, así como aquellos que obren en el expediente del tribunal; y (2) determinar si el oponente de la moción controvirtió algún hecho material y esencial, o si hay alegaciones de la demanda que no han sido refutadas en forma alguna por los documentos. *Vera v. Dr. Bravo*, 161 DPR 308, 333 (2004). Una vez realizado este análisis el tribunal no dictará sentencia sumaria si: (1) existen hechos materiales controvertidos; (2) hay alegaciones en la demanda que no han sido refutadas; (3) surge de los documentos que se acompañan con la moción una controversia real sobre algún hecho esencial; o (4) como cuestión de derecho no procede. *Id.*, págs. 333-334.

### III.

En la causa presente, el señor Assad Byrne plantea que el TPI debió desestimar la reclamación de la señora Hernández Rivera, toda vez que sus alegaciones incumplen el estándar de plausibilidad. De otro lado, aduce que el TPI incidió al denegar la resolución sumaria peticionada. Indica que no se satisfacen los elementos necesarios para establecer una comunidad de bienes romana sobre las compañías de responsabilidad limitada, cuya titularidad consta por escrito en el contrato operacional. Sostiene que tampoco es posible la creación de una comunidad de bienes romana por medio de un alegado pacto verbal expreso ni implícito, sobre todos los bienes, presentes y futuros adquiridos por dos personas; así como que, para demostrarlo, debe mediar prueba clara, robusta y convincente. Por igual, alega que el TPI erró al encontrar controversias a la luz de un escrito en oposición que no cumplió con las normas procesales y una declaración jurada que tildó de *sham affidavit.*

Para determinar si debemos expedir el auto de *certiorari* solicitado, en primer lugar, nos corresponde determinar si el asunto que se nos plantea versa sobre alguna de las materias contenidas en la Regla 52.1 de Procedimiento Civil, *supra*. La contestación a dicha interrogante es en la afirmativa. Estamos facultados para revisar esta determinación mediante un recurso de *certiorari*, conforme con lo estatuido en la Regla 52.1 de Procedimiento Civil, *supra*, ya que se recurre de una resolución que deniega una moción de carácter dispositivo. No obstante, nuestro análisis no culmina ahí. Debemos, en segundo lugar, analizar el recurso a la luz de los criterios contenidos en la Regla 40 de nuestro Reglamento, *supra*, toda vez que la expedición de una petición de *certiorari* sigue siendo una decisión discrecional por parte de este foro intermedio.

Realizado dicho análisis y evaluado *de novo* el expediente ante nuestra consideración, en el ejercicio de nuestra discreción, concluimos que en el presente caso no hay motivos para ejercer nuestra función revisora en esta etapa de los procedimientos. A nuestro juicio, el TPI no ha errado en la aplicación del derecho ni en las normas jurisprudenciales y probatorias que rigen los casos civiles de esta materia. Tampoco la parte peticionaria ha demostrado que el TPI haya incurrido en pasión, prejuicio, parcialidad ni error manifiesto, que amerite nuestra intervención como tribunal revisor, en cuanto a su determinación de denegar la resolución abreviada. Somos de la opinión que, por el contrario, la etapa del procedimiento no es la más propicia para considerar los asuntos controvertidos y causaría una intromisión y un fraccionamiento indebidos del pleito, así como una dilación indeseable en la solución final del litigio.

Nótese, por ejemplo, que el 12 de agosto de 2024, el peticionario instó ante nos una *Urgente solicitud para que se tome conocimiento judicial*, en torno a una *Orden* emitida por el TPI de la

misma fecha.[18] Ello así, porque al ser éste un recurso que no detiene el devenir del pleito en primera instancia, el TPI ha dado continuidad a los procedimientos. En dicho pronunciamiento, el TPI dio por retirada una solicitud de remedio de aseguramiento de sentencia incoada por la señora Hernandez Rivera debido a su falta de interés. Según el peticionario, la existencia de dicho procedimiento fue la base invocada por la recurrida al persuadirnos a no expedir el auto discrecional del epígrafe.

Al respecto, la señora Hernández Rivera replicó el 23 de agosto de 2024. Apuntó que el dictamen fue objeto de una reconsideración de la recurrida, una oposición del peticionario y una réplica de la señora Hernández Rivera.[19] En respuesta, el TPI enmendó su previa decisión el 16 de agosto de 2024 y dejó sin efecto el siguiente enunciado: "Ante la falta de interés de la Demandante evidenciada por las sucesivas posposiciones, la solicitud de remedio en aseguramiento de sentencia se tiene por retirada".[20]

Asimismo, estimamos que, en el presente caso, existen controversias medulares, en las cuales el TPI tendrá que dirimir elementos de intención y credibilidad, que impiden la resolución sumaria del pleito. Sobre el particular, en su dictamen, el TPI expresó:

> La [señora Hernandez Rivera] alega un pacto expreso entre las partes a los efectos que decidieron repartirse las tareas —Assad [Byrne] asumiendo responsabilidad por los aspectos patrimoniales y Hernández [Rivera] asumiendo responsabilidad por los aspectos del cuidado y socorro de los miembros del núcleo familiar— con la intención expresa de que todo fuera de ambos. Según Hernández [Rivera], Assad [Byrne] en múltiples ocasiones le expresó verbalmente que esos eran los términos del acuerdo y ella asintió. Assad [Byrne] ha declarado bajo juramento negando que semejante conversación haya ocurrido.[21]

---

[18] Entrada 308 del SUMAC.
[19] Refiérase a los Anejos 2, 3 y 4 de la *Réplica y Oposición a Solicitud para que se tome conocimiento judicial de engañosa realidad.*
[20] Anejo 1 de la *Réplica y Oposición* (...).
[21] Apéndice, págs. 15-16.

Decididamente, la controversia medular del litigio consiste en determinar la credibilidad y la intención de las partes durante la vida en común, al igual que decidir si se configuró o no una comunidad de bienes susceptible a liquidación; o, en la alternativa, si existe o no un enriquecimiento sin causa, como ambas partes alegan. Otros hechos esenciales en controversia han sido delimitados por el TPI en su *Resolución.* Ciertamente, la petición desestimatoria y sumaria presentadas por el señor Assad Byrne resultan insuficientes para dilucidar todas las controversias. Así, pues, al considerar la máxima de que las inferencias de los hechos expuestos deben hacerse desde el punto de vista más favorable al que se opone a la resolución por la vía de apremio[22] y toda duda sobre los hechos relevantes en controversia debe resolverse en contra de la parte que solicita la sentencia sumaria,[23] concluimos que el TPI no incidió al negarse a resolver las cuestiones planteadas por la vía sumaria. Consecuentemente, en el ejercicio de nuestra discreción, procedemos a conferirle deferencia al foro recurrido, al correctamente denegar la resolución abreviada.

**IV.**

Por los fundamentos antes expuestos, acordamos denegar la expedición del recurso de *certiorari.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[22] *Meléndez González et al. v. M. Cuebas, supra,* pág. 118.
[23] *Vera v. Dr. Bravo, supra,* pág. 333.